JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| SBDTLA 1 LLC | CASE NUMBER: |
|---|---|
| Plaintiff(s), | 2:23-cv-02557-RGK-ASx |
| v. | |
| Sherryl D. Grant, et al. | ORDER REMANDING CASE TO STATE COURT |
| Defendant(s). | |

The Court <u>sua</u> <u>sponte</u> **REMANDS** this action to the California Superior Court for the County of   Los Angeles   for lack of subject matter jurisdiction, as set forth below.

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" <u>Syngenta Crop Prot., Inc. v. Henson</u>, 537 U.S. 28, 32 (2002) (quoting <u>Great N. Ry. Co. v. Alexander</u>, 246 U.S. 276, 280 (1918)). Generally, where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. <u>Id.</u>; <u>Nevada v. Bank of Am. Corp.</u>, 672 F.3d 661, 667 (9th Cir. 2012); <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); <u>Dennis v. Hart</u>, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. <u>Abrego Abrego v. Dow Chem. Co.</u>, 443 F.3d 676, 682 (9th Cir. 2006); <u>Gaus</u>, 980 F.2d at 566-67. "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." <u>Syngenta Crop Prot.</u>, 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it

1   lacks jurisdiction." <u>Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.</u>, 346 F.3d 1190,

2   1192 (9th Cir. 2003) (citation omitted).  "If at any time before final judgment it appears that the

3   district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

4   It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter

5   and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or

6   *sua sponte* by the trial or reviewing court."  <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1194 n.2

7   (9th Cir. 1988).

8          From a review of the Notice of Removal and the state court records provided, it is evident

9   that the Court lacks subject matter jurisdiction over the instant case, for the following reasons.

10  ☑  No basis for federal question jurisdiction has been identified:

11
12      ☐  The Complaint does not include any claim "arising under the Constitution, laws,
           or treaties of the United States."  28 U.S.C. § 1331.

13
14      ☐  Removing defendant(s) asserts that the affirmative defenses at issue give rise to
           federal question jurisdiction, but "the existence of federal jurisdiction depends
15         solely on the plaintiff's claims for relief and not on anticipated defenses to those
           claims."  <u>ARCO Env't Remediation, L.L.C. v. Dept. of Health and Env't Quality</u>,
16         213 F.3d 1108, 1113 (9th Cir. 2000).  An "affirmative defense based on federal law"
           does not "render[] an action brought in state court removable."  <u>Berg v. Leason</u>, 32
17         F.3d 422, 426 (9th Cir. 1994).  A "case may not be removed to federal court on the
           basis of a federal defense . . . even if the defense is anticipated in the plaintiff's
18         complaint, and even if both parties admit that the defense is the only question truly
           at issue in the case."  <u>Franchise Tax Bd. v. Constr. Laborers Vacation Tr.</u>, 463 U.S.
19         1, 14 (1983).
20
21      ☐  Removing defendant(s) has not alleged facts sufficient to show that the
           requirements for removal under 28 U.S.C. § 1443 are satisfied.  Section 1443(1)
22         provides for the removal of a civil action filed "[a]gainst any person who is denied
           or cannot enforce in the courts of such State a right under any law providing for
23         the equal civil rights of citizens of the United States . . . ."  Even assuming that the
           removing defendant(s) has asserted rights provided "by explicit statutory
24         enactment protecting equal racial civil rights," <u>Patel v. Del Taco, Inc.</u>, 446 F.3d 996,
25         999 (9th Cir. 2006) (citation omitted), defendant(s) has not identified any "state
           statute or a constitutional provision that purports to command the state courts to
26         ignore the federal rights" or pointed "to anything that suggests that the state court
           would not enforce [defendant's] civil rights in the state court proceedings." <u>Id.</u>
27         (citation omitted); <u>see also</u> <u>Bogart v. California</u>, 355 F.2d 377, 381-82 (9th Cir.
           1966) (holding that conclusory statements lacking any factual basis cannot
28         support removal under § 1443(1)).  Nor does § 1443(2) provide any basis for

removal, as it "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights" and on state officers who refuse to enforce discriminatory state laws.  <u>City of Greenwood v. Peacock</u>, 384 U.S. 808, 824 & n.22 (1966).

☑ The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California.

☐ Removing defendant(s) claims that 28 U.S.C. § 1334 confers jurisdiction on this Court, but the underlying action does not arise under Title 11 of the United States Code.

☐ Diversity jurisdiction is lacking, and/or this case is not removable on that basis:

    ☐ Every defendant is not alleged to be diverse from every plaintiff.  28 U.S.C. § 1332(a).

    ☐ The Complaint does not allege damages in excess of $75,000, and removing defendant(s) has not plausibly alleged that the amount in controversy requirement has been met.  <u>Id.</u>; <u>see</u> <u>Dart Cherokee Basin Operating Co. v. Owens</u>, 574 U.S. 81, 89 (2014).

    ☐ The underlying unlawful detainer action is a limited civil action that does not exceed $25,000.

    ☐ Removing defendant(s) is a citizen of California.  28 U.S.C. § 1441(b)(2).

    ☐ Removing party is not a named defendant in the underlying Complaint.  <u>See</u> 28 U.S.C. § 1441(a); <u>Sharma v. HSI Asset Loan Obligation Tr. 2007-1</u>, 23 F.4th 1167, 1170-71 (9th Cir. 2022).

☐ Other:

IT IS THEREFORE ORDERED that this matter be, and hereby is, REMANDED to the Superior Court of California listed above, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

cc: Superior Court of CA County of Los Angeles, 22STUD09397

Date:  April 7, 2023

_____
United States District Judge